**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-14035-CIV-MAYNARD**[1]

JARON IVORY,

      **Plaintiff,**

v.

EXPERIAN INFORMATION
SOLUTIONS, INC., EQUIFAX
INFORMATION SERVICES, INC., and
TRANSUNION LLC,

      **Defendants.**

                                    /

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before me upon a *sua sponte* review of the record. Plaintiff has not taken affirmative steps to continue prosecuting his claims nor timely complied with my Orders reminding him that failure to file an amended complaint could result in dismissal. DE 9 at 4; DE 10 at 1. I thus recommend that this case be **DISMISSED WITHOUT PREJUDICE** for failure to comply with Court Orders and failure to prosecute.

Plaintiff, proceeding *pro se*, commenced this action on February 5, 2026, by filing the Complaint against Defendants Experian Information Solutions, Inc., Equifax Information Services, LLC, and Transunion LLC. DE 1. Using the Court's form Complaint, Plaintiff asserted the following "Statement of Claim": "Plaintiff is a consumer as defined by 15 U.S.C.

---

[1] This non-prisoner *pro se* civil case was assigned to the undersigned United States Magistrate Judge pursuant to Administrative Order 2025-11. *See* Administrative Order 2025-11 (S.D. Fla. Mar. 3, 2025), available at: https://www.flsd.uscourts. gov/sites/flsd/files/adminorders/2025-11.pdf. Based on the circumstances of this particular case, I am issuing a Report and Recommendation and will be simultaneously issuing a separate order directing the Clerk to randomly reassign this case to a United States District Judge of this Court.

1681a(c)"; "Defendants are consumer reporting agencies defined by 15 U.S.C. 1681a(f)"; "Defendants reported inaccurate, incomplete, and inconsistent credit information regarding Plaintiff, including but not limited to in[a]ccurat[e] dates of last activity, dates open[e]d, dates of last payment, and ongoing reporting charge off accounts without accurate payment history"; and "Defendants failed to conduct a reasonable investigation and continued to report inaccurate information." DE 1 at 4. Plaintiff sought statutory, actual, and punitive damages in addition to correction of the inaccurate reporting. *Id.* Plaintiff asserted this Court has jurisdiction because the "action arises under the Fair Credit Reporting Act[,] including but not limited to 1681e(b), 1681i." *Id.* at 3.

Plaintiff simultaneously filed a motion to proceed *in forma pauperis* ("IFP") using the Court's Short Form. DE 4. On February 11, 2026, I denied Plaintiff's IFP motion and dismissed the Complaint without prejudice, finding that it contained mostly legal conclusions unsupported by factual allegations, and Plaintiff had therefore failed to state a claim upon which relief could be granted. DE 9 at 3–4. I gave Plaintiff leave to file an amended complaint on or before Friday, March 13, 2026, cautioning Plaintiff that "**failure to timely file an Amended Complaint in compliance with this Order's directives will likely result in a recommended final dismissal of this case for failure to prosecute or failure to comply with court orders.**" *Id.* (emphasis in original) (citing Fed. R. Civ. P. 41(b)). This deadline passed with no activity by Plaintiff. On March 30, 2026, I *sua sponte* extended the deadline to April 13, 2026. DE 10 at 1. I once again warned Plaintiff that "**failure to comply with this Order will likely result in recommended dismissal of this action without further notice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or failure to comply with Court orders.**" *Id.* (emphasis in original). Plaintiff still has not filed an amended complaint.

Under Federal Rule of Civil Procedure 41, "[i]f the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action." Fed. R. Civ. P. 41(b); *see also McKelvey v. AT&T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) (noting that the "decision to dismiss for want of prosecution lies within the trial court's discretion"). The Eleventh Circuit has made clear that a district court may *sua sponte* dismiss a case for lack of prosecution based on its own "inherent power to manage its docket." *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005).

Dismissal *with prejudice* for failure to prosecute "is a sanction of last resort that is to be utilized only in extreme situations" and it "can be imposed only in the face of a clear record of delay or contumacious conduct by the plaintiff." *Morewitz v. West of England Ship Owners Mut. Prot. and Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995); *see also Betty K*, 432 F.3d at 1337–38 (holding that dismissal with prejudice may be imposed only when a party engages in a clear pattern of delay or willful contempt and the district court specifically finds that lesser sanctions would not suffice). In contrast, a dismissal *without prejudice* is not an adjudication on the merits, so courts are afforded greater discretion in dismissing claims in this manner. *See Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 719 (11th Cir. 2011) (affirming dismissal of complaint without prejudice for failure to prosecute).

Over two months have passed since Plaintiff filed his original Complaint. Multiple Court Orders have provided him with clear guidance and ample opportunity to file an amended complaint to continue prosecuting this case. Plaintiff has been given fair warning twice that his failure to file an amended complaint and timely pursue this case could lead to dismissal without further notice. It appears that Plaintiff does not intend to pursue his claims. However, because there is no clear record of delay or contumacious conduct, dismissal without prejudice for

3

failure to prosecute is the appropriate course.  *See, e.g.*, *Riddell v. Florida*, 702 F. App'x 869, 871–72 (11th Cir. 2017) (affirming dismissal without prejudice for want of prosecution after plaintiff failed to respond to an order directing him to show cause why the case should not be dismissed following his failure to respond to a motion to dismiss).  This dismissal would not act as an adjudication on the merits.  *See* Fed. R. Civ. P. 41(b) (providing that dismissal for failure to prosecute, or for failure to comply with the Federal Rules or a court order, operates as an adjudication on the merits "[u]nless the dismissal order states otherwise").

**RECOMMENDATION**

Based on the foregoing, I respectfully **RECOMMEND** that this case be **DISMISSED WITHOUT PREJUDICE** for failure to comply with Court Orders and failure to prosecute.

**NOTICE OF RIGHT TO OBJECT**

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the U.S. District Judge.  *See* 28 U.S.C. § 636(b)(1)(C); S.D. Fla. Mag. J. R. 4(a).  Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).  **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.**

4

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 23rd day of

April, 2026.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE